NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-234-GFVT

JAMES FRANKLIN PUTNAM                                                                 PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, Warden                                                      RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

James Franklin Putnam, an individual incarcerated in the United States Penitentiary (U.S.P.)-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and he has also submitted several motions, including two motions for preliminary injunctive relief. After some delay, he has recently paid the district court filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Putnam is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

The petitioner claims that the Mississippi Department of Corrections ("MDOC") is violating his Fourteenth Amendment rights to due process and equal protection of the law by denying him (1) good time credits toward his state sentence at the rate of 4.5 days per month from January 4, 1997, and (2) participation in a state earned release supervision program.

BACKGROUND AND PREVIOUS ACTIONS

This is the third *pro se* §2241 petition filed by Putnam in this Court. In both of the preceding cases, the Court set out the petitioner's background, his current incarceration springing from *United States v. James Franklin Putnam*,[1] No. 1:97-CR-3-PR, in United States District Court of the Southern District of Mississippi. In 1998, he pled guilty to one count of hostage-taking at gunpoint, in violation of 18 U.S.C. §1203, and was sentenced to 280 months of incarceration. Upon his motion to vacate or set aside the conviction and sentence (*United States v. Putnam*, 1:01-CV-007PRS, S.D. Miss.), the trial court denied relief on the ground that all of the §2255 claims therein were time-barred; the Court did examine a claim of ineffective assistance of counsel on the merits but found it to be meritless.

In his first action before this Court pursuant to 28 U.S.C. §2241, *Putnam v. Dove*, 04-CV-218-DLB, the petitioner claimed that the above-described conviction is in violation of federal law for several reasons. Upon screening the petition, the Court issued a memorandum opinion and order summarizing the relevant facts; discussing the petitioner's claims; and dismissing the

---

[1] This Court has noted that caption in the criminal case also refers to the instant petitioner as having several aliases, including Tony Martinez, Bobby Spiers, and Bob Watson.

action for the petitioner's having failed to pass the threshold of showing that his remedy, *via* a motion to the trial court, under 28 U.S.C. §2255, was ineffective and inadequate to test the legality of his incarceration. The petitioner appealed the Court's decision, but the appeal was dismissed on the petitioner's failure to address the appellate court filing fee either by paying it or moving to proceed on appeal *in forma pauperis*.

In his second §2241 proceeding, *Putnam v. Hastings*, 05-CV-115-DLB, the petitioner again challenged his conviction with numerous claims and, upon screening, this Court again dismissed the petition, *sua sponte*, on the same grounds upon which his first petition was denied and dismissed. The petitioner again appealed, and this time he paid the appellate filing fee. On January 27, 2006, the United States Court of Appeals for the Sixth Circuit issued an opinion affirming this Court's decision, *Putnam v. Hastings*, Sixth Circuit No. 05-5946, and on March 20, 2006, the United States Supreme Court denied his petition for writ of *certiorari*, 126 S.Ct. 1592 (2006).

## CURRENT PETITION

The following is a summary of the allegations and claims contained in this, Putnam's third *pro se* petition, in documents which he attached to the petition and in litigation which he has pursued over the years since 1997. Further, the Court's screening has included consideration of the contents of his several later-filed motions seeking leave to supplement his arguments, and so the Court will grant the motions to supplement, *i.e.*, Record Nos. 3 - 6, 13-14.

This time Petitioner Putnam reveals and focuses on a state conviction and sentence obtained in Harrison County (Mississippi) Circuit Court. He describes his being transferred between federal and state custody in Mississippi several times in 1997 and 1998. In addition to

the federal sentence afore-described, upon his guilty plea in the state court, in Case No. B2401-97-239, the petitioner alleges that he received several convictions and sentences, including a conviction and 20-year sentence for armed robbery and a conviction and one-year sentence for being a felon in possession of a weapon. The 20-year sentence was deemed "mandatory," meaning that it must be served in its entirety, based on a state statute calling for such an enhancement for habitual criminals. This sentence was, however, ordered to run concurrently with the other state sentences and the federal sentence he is now serving.

According to the petitioner, in later "State Post Conviction Relief Proceedings" in the Harrison County Circuit Court, No A2401-00-049, the mandatory nature of his robbery sentence was vacated and his conviction and sentence on the felon-in-possession-of-a-firearm count were also vacated, because he had no prior felony convictions. Putnam describes the trial court's judgment therein as a partial grant based on the enhancement of sentence issue but also a partial denial of the relief sought, as the Court denied his claims of ineffective assistance of counsel and his plea lacking voluntariness. He alleges that he appealed the issues decided against him to the state's Court of Appeals and the state's Supreme Court "to no avail." [*See Putnam v. State*, 877 So.2d 468 (Miss.App. 2004), *cert. denied*, 878 So.2d 67 (Miss. 2004).]

Next, the petitioner went to federal court with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The record in *Putnam v. Dove*, 04-CV-593-DMR-JMR, in the United States District Court for the Southern District of Mississippi, reveals that this petition was filed on June 29, 2004. On February 10, 2005, the Court adopted the Magistrate Judge's Report and Recommendation therein, dismissed the petition with prejudice, and denied all relief on the ground that filing of the petition was not timely and no statutory or equitable tolling provision

4

was applicable to save it. Although the petitioner filed a notice of appeal, the docket of the federal court shows on October 13, 2006, the Fifth Circuit dismissed the appeal for his failure to timely pay the docketing fee, file a motion for COA, and submit a supporting brief.

Meanwhile, on December 31, 2005, upon his request, Putnam received from the MDOC a print-out regarding his state sentence, and he has attached to the instant filing an exhibit which may be this document. He complains that it does not reflect the correct start date of his state sentence, the removal of the enhancement to the robbery sentence, or the vacating of the conviction and sentence for being a felon in possession. After the petitioner wrote to the MDOC about these matters but received no response, he filed a state petition for writ of habeas corpus.

Putnam alleges that in his state habeas litigation, on or about August 21, 2006, he learned for the first time that he cannot receive Mississippi's good conduct time or participate in the state's "Earned Release Supervision Program," both of which would lead to an earlier release. The petitioner states that the state habeas proceeding was dismissed on the ground that the state court found that he was not "in custody" for habeas purposes and that he has now filed a petition for writ of mandamus in the state court, asking that the MDOC be directed to obey the trial court's orders.

Putnam now brings to this Court, in the district where his custodian is located, a federal habeas proceeding pursuant to 28 U.S.C. §2241, complaining of several aspects of his state sentence. First he contends that the sentence is illegal on several grounds, including his guilty plea's purportedly not being knowing and voluntary. He then complains that the MDOC print-out regarding his sentence is erroneous in that it shows that the 20-year term was still being considered an habitual sentence; that the beginning date of his sentence was still December 5,

1997, rather than the January 4, 1997 date imposed by the judge; and that he has received no good time credits.

Additionally, the petitioner complains that the MDOC has filed a detainer against him at U.S.P.-Big Sandy so as to obtain custody of him for service of his state sentence as soon as he is released from the federal sentence. This detainer purportedly disadvantages him at the federal prison, as it affects his security ranking and eligibility for programs which may lead to an earlier release from the prison.

The petitioner's federal claims are that his Fourteenth Amendment rights to due process and equal protection of the law are being violated by the Mississippi Department of Corrections because he is not receiving good time credits toward his state sentence at the rate of 4.5 days monthly and he cannot participate in the state's "Earned Release Supervision Program," both of which are available to other prisoners convicted and sentenced in Mississippi courts. Therefore, having failed to obtain relief in state court and alleging that there are no state administrative remedies available to him at this time, the petitioner has come to this Court. He specifically asks that this proceeding not be construed as one pursuant to §2254, but rather that it be considered one brought pursuant to 28 U.S.C. §2241 in the district of his confinement and addressed on the merits, as in an opinion which he attaches, *Johnson v. Million*, 102 Fed.Appx. 15 (6th Cir. 2004) (not selected for publication).

Petitioner Putnam asks this Court to order the MDOC to (1) award him 4.5 days of good time credits for every 30-day period he has been incarcerated since January 4, 1997; and (2) permit him to participate in the MDOC earned release supervision program.

DISCUSSION

To the extent that the petitioner challenges his counsel's performance and the purported involuntary nature of his guilty plea in state court, these claims go to the very legality of the state convictions and sentences obtained there and are properly brought under 28 U.S.C. §2254, not §2241. Additionally, these claims were not only available to him years ago; in fact, they were decided against him by the United States District Court for the Southern District of Mississippi, and the petitioner abandoned his appeal of that decision. Therefore, these claims must be dismissed at the outset.

According to the petitioner, there are three remaining matters, challenges to the MDOC's beginning date of his sentence, denial of good time credits, and refusal to permit his participation in the release program which he desires. He alleges that he could not obtain an administrative response to the MDOC's decisions. He also alleges that these three issues were all raised in his state habeas proceeding, a proceeding which was purportedly alleged to have been dismissed on the ground that Putnam did not meet the "in custody" requirement.

Claiming that he has no further recourse administratively or judicially in Mississippi, the petitioner has come to this Court to seek relief under its §2241 jurisdiction. The proper respondent shall be served with a copy of the instant petition and directed to respond thereto.

REMAINING MOTIONS

In addition to the motions to supplement his arguments, which the Court has considered above as part of its screening duties, the petitioner has also brought other motions which have not been discussed.

He has brought two motions for preliminary injunctive relief, requesting that the Court bar his transfer to another federal prison during the pendency of this action. In neither motion [Record Nos. 8 and 16] has the petitioner established his entitlement to such relief. *See Golden v. Kelsey-Hayes Company*, 73 F.3d 648 (6th Cir. 1996) (setting out the factors to be considered by the Court before granting a preliminary injunction, the first being the movant's likelihood of success on the merits and another being irreparable harm without the injunction). Petitioner Putnam's chance at succeeding in this *pro se* proceeding is totally unknown, nor will he suffer irreparable harm if he is transferred, as a district court's jurisdiction is not defeated when a §2241 petitioner is involuntarily removed from the district while the case is pending. *White v. Lamanna*, 42 Fed.Appx. 670, 671 (6th Cir. 2002) (not selected for publication). Therefore, these motions for injunctions barring his transfer will be denied.

One motion will be granted. In a motion to substitute respondents [Record No. 15], the petitioner informs the court that Suzanne Hastings is no longer warden at U.S.P.-Big Sandy. His custodian, and therefore the proper respondent in a §2241 proceeding, is now Brian Patton. However, the Court takes judicial notice that since the filing of this action, Brian Patton has been replaced with Hector Rios. Therefore, the Court will direct the Clerk to substitute Hector Rios, rather than Brian Patton, in the record.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The petitioner's motions to supplement the record [Record Nos. 3, 4, 5, 6, 13, 14] are **GRANTED**.

(2) The petitioner's motions for an injunction or temporary restraining order Record Nos. 8, 16] are **DENIED**.

(3) The petitioner's motion to substitute parties [Record No. 15] is **GRANTED** and amended**,** and the Clerk of the Court shall modify the docket of the Court to reflect that the respondent is now Hector Rios, not Suzanne Hastings.

(4) The Clerk of the Court shall serve by certified mail a copy of the petition and this order upon Respondent Warden Hector Rios, and on the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(5) Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition, as well as a memorandum of law supporting its position and the effect, if any, of *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) and case law relying on *Braden*.

(6) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall forward the record to the Pro Se Office for further consideration.

(7) The petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(8) For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each

defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

      This the 10th day of January, 2007.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**