NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-234-GFVT

JAMES FRANKLIN PUTNAM                                                                 PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS, Warden                                                                   RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court for a decision on the merits of the petition for writ of habeas corpus herein.

BACKGROUND

James Franklin Putnam is serving concurrent Mississippi and federal sentences in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Big Sandy in Inez, Kentucky.  On October 18, 2006, he filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, claiming that the Mississippi Department of Corrections ("MDOC"), which has lodged a detainer against him, is violating his Fourteenth Amendment rights to due process and equal protection of the law by denying him (1) the proper start date for calculating his sentence; (2) good time credits toward his state sentence at the rate of 4.5 days per month; and (3) participation in a state release supervision program.

Upon screening the petitioner's initial submissions, on January 10, 2007, the Court issued a Memorandum Opinion and Order in which it noted that Putnam's previous two proceedings before this Court had challenged his federal sentence and that this time his claim was different.

This time Petitioner Putnam reveals and focuses on a state conviction and sentence obtained in Harrison County (Mississippi) Circuit Court. He . . . alleges that he received several convictions and sentences, including a conviction and 20-year sentence for armed robbery and a conviction and one-year sentence for being a felon in possession of a weapon. The 20-year sentence was deemed "mandatory," meaning that it must be served in its entirety, based on a state statute calling for such an enhancement for habitual criminals. This sentence was, however, ordered to run concurrently with the other state sentences and the federal sentence he is now serving.

According to the petitioner, in later "State Post Conviction Relief Proceedings" in the Harrison County Circuit Court, No A2401-00-049, the mandatory nature of his robbery sentence was vacated and his conviction and sentence on the felon-in-possession-of-a-firearm count were also vacated, because he had no prior felony convictions. . . .

Next, the petitioner went to federal court with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The record in *Putnam v. Dove*, 04-CV-593-DMR-JMR, in the United States District Court for the Southern District of Mississippi, reveals that this petition was filed on June 29, 2004. On February 10, 2005, the Court adopted the Magistrate Judge's Report and Recommendation therein, dismissed the petition with prejudice, and denied all relief on the ground that filing of the petition was not timely and no statutory or equitable tolling provision was applicable to save it. . . .

Meanwhile, on December 31, 2005, upon his request, Putnam received from the MDOC a print-out regarding his state sentence, and he has attached to the instant filing an exhibit which may be this document. He complains that it does not reflect the correct start date of his state sentence, the removal of the enhancement to the robbery sentence, or the vacating of the conviction and sentence for being a felon in possession. After the petitioner wrote to the MDOC about these matters but received no response, he filed a state petition for writ of habeas corpus.

Putnam alleges that in his state habeas litigation, on or about August 21, 2006, he learned for the first time that he cannot receive Mississippi's good conduct time or participate in the state's "Earned Release Supervision Program," both of which would lead to an earlier release. The petitioner states that the state habeas proceeding was dismissed on the ground that the state court found that he was not "in custody" for habeas purposes and . . . he has now filed a petition for writ of mandamus in the state court, asking that the MDOC be directed to obey

2

> the trial court's orders.
>
> Putnam now brings to this Court, in the district where his custodian is located, a federal habeas proceeding pursuant to 28 U.S.C. §2241, complaining of several aspects of his state sentence. First he contends that the sentence is illegal on several grounds, including his guilty plea's purportedly not being knowing and voluntary. He then complains that the MDOC print-out regarding his sentence is erroneous in that it shows that the 20-year term was still being considered an habitual sentence; that the beginning date of his sentence was still December 5, 1997, rather than the January 4, 1997 date imposed by the judge; and that he has received no good time credits.
>
> Additionally, the petitioner complains that the MDOC has filed a detainer against him at U.S.P.-Big Sandy so as to obtain custody of him for service of his state sentence as soon as he is released from the federal sentence. This detainer purportedly disadvantages him at the federal prison, as it affects his security ranking and eligibility for programs which may lead to an earlier release from the prison.
>
> The petitioner's federal claims are that his Fourteenth Amendment rights to due process and equal protection of the law are being violated by the Mississippi Department of Corrections because he is not receiving good time credits toward his state sentence at the rate of 4.5 days monthly and he cannot participate in the state's "Earned Release Supervision Program," both of which are available to other prisoners convicted and sentenced in Mississippi courts. Therefore, having failed to obtain relief in state court and alleging that there are no state administrative remedies available to him at this time, the petitioner has come to this Court. He specifically asks that this proceeding not be construed as one pursuant to §2254, but rather that it be considered one brought pursuant to 28 U.S.C. §2241 in the district of his confinement and addressed on the merits, as in an opinion which he attaches, *Johnson v. Million*, 102 Fed.Appx. 15 (6th Cir. 2004) (not selected for publication).
>
> Petitioner Putnam asks this Court to order the MDOC to (1) award him 4.5 days of good time credits for every 30-day period he has been incarcerated since January 4, 1997; and (2) permit him to participate in the MDOC earned release supervision program.

Record No. 19 at 3-6.

After so summarizing Putnam's assertions, this Court dismissed the claims going to the

3

validity of the state conviction as not being cognizable under §2241,[1] but directed the warden to respond to Putnam's three remaining matters which relate to the execution of the state sentence, *i.e.*, the MDOC's beginning date of his sentence, denial of good time credits, and refusal to permit his participation in the release program which he desires.  The Court specifically directed the respondent to include in his response, "the effect, if any, of *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) and case law relying on *Braden*."  Record No. 19 at p. 9, ¶(5).

RESPONSE

The respondent's answer is brief.  Record No. 44.  With the supporting declarations of two BOP officials and several exhibits attached to the response, the warden does not disagree with most of the petitioner's allegations.  His exhibits show that the petitioner's projected release date from his federal sentence is June 27, 2011, and his estimated state release date is not until December 5, 2017, a calculation which agrees with the petitioner's original contention that he will have another 6 years to serve on the state sentence after release from the custody of the BOP.

The declarants admit that upon release from the BOP's custody, the petitioner will be transferred to the State of Mississippi to complete service of the state sentence.  The government's position is that the BOP controls the sentences of only those persons convicted of federal crimes who are confined in federal institutions,[2] but the BOP has no control over the State

---

[1] The claims going to the validity of the state conviction, *i.e.*, ineffective assistance of counsel and the voluntariness of his guilty plea, are cognizable under 28 U.S.C. §2254, and therefore, were or should have been raised in his earlier §2254 action in the United States District Court for the Southern District of Mississippi.

[2] The Attorney General, acting through the Bureau of Prisons (BOP), has the responsibility for administering a defendant's sentence.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); 18 U.S.C. §3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the Bureau of Prisons until the expiration of the term imposed").  In fulfilling this duty, the BOP calculates the prisoner's *federal* sentence, including determining (as an

of Mississippi's administration of Petitioner's state sentence, including its starting date, the application of any state good time credits, and/or its release programs. Although the Mississippi detainer will have an effect on the petitioner's eligibility for certain federal programs during his BOP confinement, that will be a limited effect.

The respondent contends that the relief sought by the instant petitioner can be granted only by the Mississippi Department of Corrections. Further, he insists that disposition of this case should be controlled by *Braden v. 30th Judicial Circuit Court of Kentucky*. Because Putnam seeks solely to challenge the details of his Mississippi sentence and because Mississippi is where the witnesses and decision-makers are located, the respondent argues, this case should be dismissed or, alternatively, should be transferred to the United States District Court for the Southern District of Mississippi.

PETITIONER'S FINAL ARGUMENTS

The petitioner filed "Objections" to the response and, upon his motion, the Court also permitted him to file a Traverse.

Petitioner's two responsive pleadings [Record Nos. 50, 54] are very similar. The petitioner first points out that he had earlier filed motions to add the Mississippi Attorney General as a respondent, and the Court specifically passed on the motions until the respondent could respond to the underlying petition. When the warden responded to the petition, he did not oppose the addition of the State official as a respondent. Therefore, the petitioner contends, the Court should grant the motions and add the Mississippi Attorney General as a respondent, thus

---

administrative matter) any applicable credits.

5

negating the need to dismiss or transfer the case.

Petitioner also insists that venue is proper in this Court and that this Court has personal jurisdiction over the State Attorney General. He reasons that Warden Rios is acting as agent for the Mississippi Attorney General and also that he has availed himself of the privileges of this location by placing the detainer and causing an impact in the petitioner's conditions of confinement in Kentucky. Contrary to the respondent's description of the impact of the detainer as being minimal, Putnam complains that the impact is substantial, and he gives examples. The petitioner also suggests that the respondent's reference to Mississippi witnesses is an invalid ground for transfer, as his petition can be decided on the current Court record and applicable law.

Additionally, the petitioner argues that if the Court should decide that it does not have personal jurisdiction over the Mississippi Attorney General, then diversity jurisdiction would serve as a basis for jurisdiction herein. With either jurisdictional basis and the petitioner's equal protection claim, this Court purportedly has the authority to order the expungement of the detainer.

## DISCUSSION

The facts herein are not complicated. Petitioner Putnam is serving concurrent federal and state sentences. Thus far, Putnam is serving both of the sentences in the custody of the BOP, but the state sentence, handed down in Mississippi, is for a longer period of time than the federal sentence. Therefore, pursuant to the detainer, upon expiration of the federal sentence, he will be transferred to the MDOC to complete the Mississippi sentence. The MDOC controls the calculation of the state sentence, including the award of state good time credits and the other aspects of the Mississippi sentence which the petitioner has raised herein.

The legal issue herein is a bit more complicated. While asking that this Court order the State of Mississippi and/or the MDOC take certain actions with regard to the execution of his Mississippi sentence, Putnam has filed the instant 28 U.S.C. §2241 petition in the Eastern District of Kentucky. This district is where he is confined, and he has named as the respondent his immediate custodian, the warden of U.S.P.-Big Sandy, who has current custody of him because he is a federal prisoner committed to the BOP. Putnam has not, however, set forth facts upon which the federal warden could afford him any relief on the State's sentence, even if this Court ordered him to do so. Indeed, the petitioner has acknowledged herein that the BOP cannot grant him the relief he seeks.

To the extent that Putnam seeks to challenge the execution of his Mississippi sentence under §2241 now, while serving his federal sentence, his situation is similar to the petitioner's in the aforementioned *Braden* case from the Supreme Court. Both petitioners sought to challenge the actions of a State which was/is removed from the location of his federal incarceration. Braden was incarcerated in Alabama but brought his petition in the United States District Court for the Western District of Kentucky, whence came the detainer/state action he was challenging; Putnam has made the opposite choice, bringing this petition in the place where he is currently incarcerated, even though he is challenging actions in a distant state, Mississippi.

The principles of *Braden* control both situations, however. The Supreme Court of the United States found in *Braden* that the petitioner's absence from Kentucky did not deprive the U.S. District Court for the Western District of Kentucky of jurisdiction; he was "in custody" in Kentucky by virtue of the detainer. 410 U.S. at 488-89. For that reason and because the Kentucky respondent had been properly served, the lower court's dismissal of the petition on

7

jurisdictional grounds was reversed and the case could proceed in the federal court in Kentucky. *Id*. at 500-01.  The High Court held that it would "serve no useful purpose to . . . require that the action be brought in Alabama" and decided against a "slavish application" of always naming the immediate custodian  in the location of the petitioner's confinement as the respondent.  *Id.* at 499.

Accordingly, Petitioner Braden's bringing the action in the federal court in the Western District of Kentucky, distant from the place of his federal incarceration, was not only a permissible locus, but was the most convenient forum to challenge the pending matters in Kentucky.  Further, the *Braden* Court added,

> Nothing in this opinion should be taken to preclude the exercise of concurrent habeas corpus jurisdiction over the petitioner's claim by a federal district court in the district of confinement.  But as we have made clear above, that forum will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer.  *Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another state, the court can, of course, transfer the suit to a more convenient forum*.

410 U.S. at 499, fn. 15 (citing 28 U.S.C. §1404(a) and *Hoffman v. Glaski*, 363 U.S. 335 (1960)) (emphasis added).

The matters of the proper respondent and venue for §2241 actions were re-visited by the High Court thirty years later, in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).  The Court therein reaffirmed the holding and rationale of *Braden*, clarifying that the immediate custodian rule applies to the traditional context of challenges to the prisoner's present physical confinement, but the immediate custodian rule did not apply in *Braden*, because there was no immediate physical custodian with respect to the "custody" being challenged, *i.e.*, the State detainer and future action which will be taken in the State distant from the prisoner's present location.  *Rumsfeld,* 542 U.S.

8

at 438-39.

Thus, for this petitioner's challenge to the execution of his Mississippi sentence, there is authority from the Supreme Court of the United States for this Court to transfer the current action to the appropriate federal court in Mississippi. The Court will do so. The petitioner's arguments to keep this case are not persuasive, nor are they supported in habeas law. The only other action by this Court will be to rule on the currently pending motions, so that the matter will be ready to proceed without lingering, unresolved issues upon its arrival at the United States District Court for the Southern District of Mississippi.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The petitioner's two motions to add the Mississippi Attorney General as a respondent herein [Record Nos. 32-33], so as to retain this action in the Eastern District of Kentucky, are **DENIED,** without prejudice to Putnam's bringing another such motion in the United States District Court for the Southern District of Mississippi.

(2) To the extent that the petitioner's motion to inform the Court [Record No. 34] is **CONSTRUED** as a request to for the Court to consider his argument therein as his opposition to the then-pending motion of the respondent for the disclosure and submission of certain documents, the motion is **GRANTED**, and the Court has considered the contents of Record No. 34; to the extent that this motion requests the Court to deny the respondent's motion to disclose, however, and in all other respects, this motion is **DENIED** as meritless.

(3) The Clerk of the Court shall **TRANSFER** the record in this case to the United States District Court for the Southern District of Mississippi for all further proceedings. 28

9

U.S.C. §1404(a).

This the 19th day of July, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge